101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
EINHORN YAFFEE PRESCOTT ARCHITECTURE & ENGINEERING, P.C.,
Plaintiff-Appellant.
v.
J. Louis TURPIN; Prhinebeck Architecture & Planning P.C.;
John A. Missell, Defendants-Appellees.
 No. 95-7552.
 United States Court of Appeals, Second Circuit.
 March 5, 1996.
 
 APPEARING FOR APPELLANT:Eugene R. Scheiman, Baer Marks & Upham, New York, New York.
 APPEARING FOR APPELLEE:Vincent L. Briccetti, Briccetti & Calhoun, White Plains, New York.
 N.D.N.Y.
 AFFIRMED.
 Before MAHONEY, WALKER and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Einhorn Yaffee Prescott Architecture & Engineering, P.C. ("Einhorn") and its attorneys, Baer Marks & Upham ("Baer Marks") appeal from a judgment entered May 19, 1995, in the United States District Court for the Northern District of New York that awarded sanctions to defendants-appellees J. Louis Turpin, Rhinebeck Architecture & Planning, P.C. ("Rhinebeck"), and John A. Missell in the amount of $93,955.19 for plaintiffs-appellants' prosecution of a frivolous Lanham Act suit. See Einhorn Yaffee Prescott Architecture & Eng'g, P.C. v. Turpin, No. 94-CV-830, slip op. (N.D.N.Y. May 12, 1995), amended by Einhorn Yaffee Prescott Architecture & Eng'g, P.C. v. Turpin, No. 94-CV-830 (N.D.N.Y. May 18, 1995) (order). The district court exercised its power to impose sanctions pursuant to 28 U.S.C. § 1927 and its inherent powers to supervise and control its own proceedings. See Einhorn, slip op. at 7. Einhorn and Baer Marks argue that they should have received an evidentiary hearing before sanctions were imposed, and that in any event the sanctions motion was wrongly decided on the merits and the amount of the sanctions was wrongly determined.
 
 
 4
 2. We affirm substantially for the reasons stated by the district court in its memorandum decision and order. See id. at 7-17. We note that Einhorn never formally requested that an evidentiary hearing be held, and therefore the district court did not err in failing to hold such a hearing.